# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROCHELLE DANIEL,

        Plaintiff,

v.                                      Case No. 12-12851

WEST ASSET MANAGEMENT, INC.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff Rochelle Daniel initiated this *pro se* action seeking damages against

Defendant West Asset Management, Inc. ("WAM") for violations of the Fair Credit

Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 and the Consumer Fraud and

Abuse Act ("CFAA") pursuant to 18 U.S.C. § 1030.  On June 28, 2012, Plaintiff filed an

application to proceed *in forma pauperis*, which the court will grant.  *See* 28 U.S.C.

§ 1915(a)(1).  However, the court will dismiss this action pursuant to 28 U.S.C.

§ 1915(e)(2).

## I.  BACKGROUND

This case stems from Plaintiff's initial complaint in a companion case involving

Defendant.  *Daniel v. W. Asset Mgmt., Inc.*, No. 11-10034, 2011 WL 5142980 (E.D.

Mich. Oct. 28, 2011).  The complaint arose from a debt Plaintiff purportedly owed to

AT&T and Defendant's efforts to collect that debt.  In November 2009, Plaintiff's account

was referred by AT&T "to Defendant, a debt collection agency, for collection." (*Id.* at

*1.)  Debt collection efforts were commenced by Defendant on November 14, 2009, and

Plaintiff was sent a collection letter on November 16, 2009, "informing her that her AT&T account had been turned over to Defendant for collection[.]" (*Id.*) The collection letter detailed information on how Plaintiff can either "pay the debt or contest the validity of the debt." (*Id.*)

On November 27, 2009, Plaintiff called Defendant to dispute the debt. (*Id.*) In her complaint, Plaintiff alleges that "she returned to AT&T the equipment that gave rise to the alleged debt, and that AT&T failed to update their records to indicate that the equipment was returned." (*Id.*) "The complaint further avers that Plaintiff disputed the debt and requested debt validation," but she was informed by a representative of the Defendant that the debt could not be disputed over the phone and that Plaintiff must dispute the debt "in writing per the collection letter." (*Id.*)

"[F]ollowing the November 27, 2009 telephone call, Defendant documented in its records that the account was in dispute." (*Id.*) Plaintiff did not dispute the debt in writing within a thirty-day period as required by the collection letter or pursuant to 15 U.S.C. § 1692g(b), and collection actions were undertaken by Defendant. (*Id.*) On December 17, 2009, "Defendant reported Plaintiff's allegedly delinquent account to a consumer credit agency" but also "indicated to the credit agency that Plaintiff disputed the debt." (*Id.* at *2.) On May 4, 2010, Defendant closed Plaintiff's account and requested the credit bureaus "[to] delete its reporting of the subject Account from Plaintiff's consumer credit report." (*Id.*) Plaintiff commenced suit against Defendant averring several violations under federal law, which included: "the Telephone Consumer Protection Act ('TCPA'), the Fair Debt Collection Practices Act ('FDCPA'), and the Fair

2

Credit Reporting Act ('FCRA')."  (*Id.* at *1.)  Ultimately, Defendant was granted summary

judgment on all counts on October 28, 2011.  (*Id.* at *10.)

Plaintiff initiated the present cause of action against Defendant, this time averring

that Defendant violated various provisions of the FCRA and the CFAA.  Plaintiff alleges

in her complaint that on or about March 16, 2012, she received her credit report

"prepared by TransUnion and discovered that on August 12, 2011, WAM requested a

copy of the report."  (Pl.'s Compl. ¶ 16, Dkt. # 1.)  Plaintiff avers that such actions taken

by Defendant violated certain provisions of the FCRA and the CFAA because she no

longer "had [any] business dealings or accounts with West Asset Management."  (*Id.* ¶

2.)

## II.  STANDARD

Complaints filed *in forma pauperis* are subject to the screening requirements of

28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section

1915(e)(2) requires district courts to dismiss complaints that are frivolous or malicious,

that fail to state a claim on which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Supreme Court has interpreted the term "frivolous," with respect to a

complaint, to embrace "not only the inarguable legal conclusion, but also the fanciful

factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Thus, a complaint "is

frivolous where it lacks an arguable basis either in law or in fact."  *Id.*; *see also Brown*,

207 F.3d at 866.

To state a claim upon which relief may be granted, a complaint must allege

enough facts that, when assumed true, "raise a right to relief above the speculative

3

level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief

that is plausible on its face," *id.* at 570.  A claim is facially plausible when the plaintiff

pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged," rather than showing only "a sheer possibility that a

defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949

(2009) (citing *Twombly*, 550 U.S. at 556).  Dismissal of a complaint under § 1915(e)(2)

for failure to state a claim on which relief may be granted "is appropriate only if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim

that would entitle him to relief."  *Brown*, 207 F.3d at 867.

## III.  DISCUSSION

The court must dismiss Plaintiff's complaint under 28 U.S.C. § 1915.  Plaintiff's

complaint avers numerous violations by Defendant under the Fair Credit Reporting Act

("FCRA") pursuant to 15 U.S.C. § 1681 and the Consumer Fraud and Abuse Act

("CFAA") pursuant to 18 U.S.C. § 1030.  Specifically, Plaintiff's claims arise from her

allegation that WAM illegally requested a copy of her credit report on August 12, 2011.

Plaintiff purports that the action taken by Defendant violated FCRA 15 U.S.C. §§ 1681q,

1681b(f), 1681n, and 1681o, as well as CFAA 18 U.S.C. §§ 1030(a)(2)(A), (c)(4)(A)(I),

and (e)(2)(B).  However, Plaintiff's claims are without merit.

First, WAM is not a credit reporting agency within the meaning of 15 U.S.C.

§ 1681a(f), which defines a consumer reporting agency as "any person which . . .

regularly engages in whole or in part in the practice of assembling or evaluating

consumer credit information or other information on consumers for purposes of

furnishing consumer reports to third parties[.]"  15 U.S.C. § 1681a(f).  WAM does not

4

assemble or evaluate consumer credit information for the purpose of furnishing it to third

parties.  Rather, WAM is merely a debt collecting agency that "pass[es] on information

regarding unpaid debts to credit reporting agencies."  *Etefia v. Russell Collection*

*Agency, Inc.*, 20 F. App'x 485, 486 (6th Cir. 2001) (holding that a collection agency was

not a credit reporting agency under 15 U.S.C. § 1681a(f)).  Thus, FCRA 15 U.S.C. §

1681 does not apply to Defendant.

     Second, even if Defendant is considered a credit reporting agency under the

FCRA, it cannot be credibly alleged to have "willfully report[ed] inaccurate information,

fail[ed] to maintain reasonable procedures to assure compliance with the FCRA, or

fail[ed] to . . . report that the debt" to AT&T was disputed.  *Id.*  To the contrary, in the

predicate case No. 11-10034, in which summary judgment was granted to Defendant, it

is uncontroverted that "Defendant documented in its records that the account was in

dispute."  *Daniel*, 2011 WL 5142980, at *1.  Additionally, WAM had "a legitimate

business need for the information."  15 U.S.C. § 1681b(a)(3)(F).  Pursuant to

§ 1681b(a)(3)(F), courts "have allowed parties to obtain consumer reports . . . for use in

litigation, [where] the legal dispute typically [relates] to the collection of the debt owed by

the consumer."  *Duncan v. Handmaker*, 149 F.3d 424, 428 (6th Cir. 1998) (alteration in

original).[1]  Here, Plaintiff's initial suit against Defendant relates to the collection of a

debt.  Whether or not the report was correct is irrelevant.  *See Estefia,* 20 F. App'x at

---

[1]"Section 1681b was amended twice after the events of this case."  *Duncan v.*
*Handmaker*, 149 F.3d 424, 427, n.3 (6th Cir. 1998).  *See* Intelligence Authorization Act
for Fiscal Year 1998, Pub. L. No. 105-107, § 311(a), 111 Stat. 2248, *2256 (1997);
Consumer Credit Reform Act of 1996, Pub. L. No. 104-208, § 2403, 110 Stat. 3009,
*3009-430 (1996).  The amendment revised subsection (a)(3)(E) and added subsection
(a)(3)(F).  *Id.*

486.  Moreover, even if WAM "did not have a legitimate business reason for requesting the report," Defendant "did not obtain the report under false pretenses."  *Id.* (citing *Duncan*, 149 F.3d at 427).

"Section 1681b(3)(A) of the FCRA focuses on the extension of credit and the collection of debt.  It permits a party to obtain a consumer report 'in connection with a credit transaction . . . involving the extension of credit to, or review or collection of an account of, the consumer.'"  *Duncan*, 149 F.3d at 427 (*citing* 15 U.S.C. § 1681b(a)(3)(A)).  According to Plaintiff, WAM requested a copy of the TransUnion report on August 12, 2011, (Pl.'s Compl. ¶ 16, Dkt. # 1), which was *before* Plaintiff's first case involving Defendant was dismissed on October 28, 2011, *Daniel v. W. Asset Mgmt., Inc.*, No. 11-10034, 2011 WL 5142980 (E.D. Mich. Oct. 28, 2011).  Thus, pursuant to § 1681b(a)(3)(A), Defendant may obtain Plaintiff's credit report from TransUnion since Defendant was still a party to Plaintiff's initial suit.  *Id.*  Hence, even if Defendant was considered a credit reporting agency pursuant to 15 U.S.C. § 1681, it was well within its authority to request and review Plaintiff's credit information from TransUnion.  Therefore, Plaintiff's claims against Defendant under 15 U.S.C. §§ 1681q, 1681b(f), 1681n, and 1681o are without merit.

Likewise, the court must dismiss Plaintiff's 18 U.S.C. § 1030 claims against Defendant.  Section 1030(a)(2)(A) of the FCRA states that "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information contained . . . *in a file of a consumer reporting agency* on a consumer . . .  shall be punished as provided in subsection (c) of this section."  18

U.S.C. § 1030(a)(2)(A) (emphasis added).  The CFAA does not define the term "without authorization."  *Clarity Servs. Inc., v. Barney*, 698 F. Supp. 2d 1309, 1315 (M.D. Fla. 2010).  However, "authorization" is defined as "'[t]he act of conferring authority; permission."  *Id.* (citing The American Heritage Dictionary 89 (1976)).  Here, Defendant needed to obtain authority or permission from TransUnion.  In Plaintiff's complaint, she states that a WAM supervisor informed her that TransUnion sent a screen shot of her TransUnion credit report to WAM's legal department.  (Pl.'s Compl. ¶ 22, Dkt. # 1.) Thus, there is no unauthorized access by Defendant that violated 18 U.S.C. § 1030(a)(2)(A).  Plaintiff fails to state a claim under §§ 1030(c)(4)(A)(I) and (e)(2)(B). No violations by Defendant under 18 U.S.C. § 1030(a)(2)(A) are adequately alleged.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2).

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-12851.DANIEL.Grant.IFP.Dismiss.1915(e)(2).wpd